UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| KELLY SAXON, | ) |
| Plaintiff, | ) Case No.  3:15-cv-68 |
| v. | ) **COMPLAINT** |
| BCA FINANCIAL SERVICES, INC., | ) **JURY DEMANDED** |
| Defendant. | ) |

Now comes the Plaintiff, KELLY SAXON, by and through her attorneys, and for her Complaint against the Defendant, BCA FINANCIAL SERVICES, INC., Plaintiff alleges and state as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to any pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Watkinsville, Georgia.

5. On information and belief, Defendant is a corporation of the State of Florida, which is not licensed to do business in Georgia, and which has its principal place of business in Miami, Florida.

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it uses an instrumentality of interstate commerce and/or the mails in a business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. When dealing with Plaintiff, Defendant used interstate telephone calls and the United States Postal Service to communicate with Plaintiff in attempts to collect an alleged debt.

8. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which were the subject of the transaction were primarily for personal, family and/or household purposes.

## FACTS COMMON TO ALL COUNTS

9. On September 12, 2014, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Middle District of Georgia, Case No. 14-31001. On January 16, 2015, an Order of Discharge was entered in Plaintiff's bankruptcy case.

10. Plaintiff listed Defendant in Schedule F of her bankruptcy petition.

11. Due to Plaintiff listing Defendant in Schedule F of her bankruptcy petition, Defendant received notice of the Plaintiff's bankruptcy case and the bankruptcy court's Order of Discharge by United States First Class Mail, sent by the Bankruptcy Noticing Center.

12. Despite having received notice of Plaintiff's bankruptcy discharge, Defendant placed telephone calls to Plaintiff in attempts to collect the aforementioned alleged debt, which was included in Plaintiff's bankruptcy petition and discharged by the Bankruptcy Court.

13. Said telephone calls were placed to Plaintiff by Defendant on dates which include, but not limited to, the following. This list not intended to be exhaustive. On information and belief, additional calls were placed by Defendant to Plaintiff on dates other than those listed below:

   a. March 23, 2015 at approximately 12:02 p.m.;
   b. March 23, 2015 at approximately 7:27 p.m.;
   c. March 24, 2015 at approximately 11:16 a.m.;
   d. March 25, 2015 at approximately 8:14 a.m.;
   e. March 25, 2015 at approximately 4:46 p.m.;
   f. March 26, 2015 at approximately 10:22 a.m.;
   g. March 27, 2015 at approximately 9:41 a.m.;
   h. March 28, 2015 at approximately 8:24 a.m.;
   i. March 30, 2015 at approximately 10:00 a.m.;
   j. March 30, 2015 at approximately 4:20 p.m.;
   k. March 31, 2015 at approximately 10:05 a.m.;
   l. April 1, 2015 at approximately 1:17 p.m.;
   m. April 3, 2015 at approximately 1:12 p.m.;
   n. April 6, 2015 at approximately 3:22 p.m.;
   o. April 7, 2015 at approximately 3:43 p.m.;
   p. April 8, 2015 at approximately 1:00 p.m.;
   q. April 10, 2015 at approximately 11:04 a.m.
   r. April 13, 2015 at approximately 11:52 a.m.;
   s. April 14, 2015 at approximately 2:30 p.m.;
   t. April 15, 2015 at approximately 8:53 p.m.;
   u. April 16, 2015 at approximately 8:18 a.m.
   v. April 20, 2015 at approximately 7:02 p.m.;
   w. April 21, 2015 at approximately 12:03 p.m.;
   x. April 27, 2015 at approximately 7:44 p.m.; and
   y. April 28, 2015 at approximately 8:28 a.m.

14. Plaintiff answered at least one of the said telephone calls. During said communication, the employee, agent and/or representative of Defendant with whom Plaintiff spoke asked to speak with Plaintiff's minor-aged son.

15. Defendant also caused a collection notice, dated February 16, 2015, to be mailed to Plaintiff, in another attempt to collect the alleged debt which was included in Plaintiff's bankruptcy petition and discharged by the Bankruptcy Court.

16. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

17. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

18. Plaintiff incorporates all of the allegations and statements made in paragraphs 1-17 as if reiterated herein.

19. By placing a large volume of telephone calls to Plaintiff in attempts to collect an alleged debt that was discharged in her bankruptcy case, asking to speak with Plaintiff's son regarding the alleged debt, and causing a collection notice to be mailed to Plaintiff in an attempt to collect the same alleged debt, Defendant violated the FDCPA, specifically 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

    a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

20.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1-17 as if reiterated herein.

21.    By placing a large volume of telephone calls to Plaintiff in attempts to collect an alleged debt that was discharged in her bankruptcy case, Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

WHEREFORE, Plaintiffs pray for the following relief:

      a.      Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

22.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1-17 as if reiterated herein.

23. By placing a large volume of telephone calls to Plaintiff in attempts to collect an alleged debt that was discharged in her bankruptcy case and causing a collection notice to be mailed to Plaintiff in an attempt to collect the same alleged debt, Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

24. Plaintiff incorporates all of the allegations and statements made in paragraphs 1-17 as if reiterated herein.

25. By placing a large volume of telephone calls to Plaintiff in attempts to collect an alleged debt that was discharged in her bankruptcy case and causing a collection notice to be mailed to Plaintiff in an attempt to collect the same alleged debt, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

      a.    Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.    Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

26. Plaintiff incorporates all of the allegations and statements made in paragraphs 1-17 as if reiterated herein.

27. By asking to speak with Plaintiff's son regarding the alleged debt, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken and/or that was not intended to be taken.

WHEREFORE, Plaintiffs pray for the following relief:

      a.    Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

28. Plaintiff incorporates all of the allegations and statements made in paragraphs 1-17 as if reiterated herein.

29. By placing a large volume of telephone calls to Plaintiff in attempts to collect an alleged debt that was discharged in her bankruptcy case and causing a collection notice to be mailed to Plaintiff in an attempt to collect the same alleged debt, Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiffs pray for the following relief:

      a.      Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

30. Plaintiff incorporates all of the allegations and statements made in paragraphs 1-17 as if reiterated herein.

31. By placing a large volume of telephone calls to Plaintiff in attempts to collect an alleged debt that was discharged in her bankruptcy case, causing a collection notice to be mailed to Plaintiff in an attempt to collect the same alleged debt, and asking to speak with Plaintiff's son regarding the alleged debt, Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VIII

32. Plaintiff incorporates all of the allegations and statements made in paragraphs 1-17 as if reiterated herein.

33. By placing a large volume of telephone calls to Plaintiff in attempts to collect an alleged debt that was discharged in her bankruptcy case and causing a collection notice to be

mailed to Plaintiff in an attempt to collect the same alleged debt, Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such was not permitted by law.

WHEREFORE, Plaintiffs pray for the following relief:

a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

        RESPECTFULLY SUBMITTED,

        KELLY SAXON

        By:    /s/ R. Douglas Lenhardt
                 R. Douglas Lenhardt
                 Attorney for Plaintiff

R. Douglas Lenhardt
Attorney for Plaintiff
Georgia Attorney No. 446503
Jason Allen Law LLC
230 College Avenue
Athens, GA 30601
Phone: (706) 369-5433
Fax: (706) 369-6974
doug@lenhardtlaw.com